UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACQUELINE AMES,

               Plaintiff,

      v.                                  Case No. 11-cv-1132-JPG-PMF

WRIGHT MEDICAL TECHNOLOGY, INC.
and WRIGHT MEDICAL GROUP INC.,

               Defendants.

**MEMORANDUM AND ORDER**

       This matter comes before the Court on the Court's January 9, 2012, order for plaintiff

Jacqueline Ames to show cause (Doc. 5) why the Court should not transfer this case to the

United States District Court for the Central District of Illinois, where Ames resides, pursuant to

28 U.S.C. § 1404(a) in light of the fact that this case lacks any connection with the Southern

District of Illinois.  The Court also considers the  motion of defendants Wright Medical

Technology Inc. and Wright Medical Group, Inc. (collectively, "Wright") to transfer this case to

the Central District of Illinois (Doc. 11) and Ames' response to that motion (Doc. 16).

       In her response to the order to show cause (Doc. 12) and to Wright's motion to transfer

(Doc. 16), Ames notes that the wheels have been put in motion for the Judicial Panel on Multi

district Litigation ("JPML") to certify a proceeding – MDL 2329 – for cases involving the

product in issue in this case – the metal CONSERVE cup hip implant device manufactured by

Wright.  The petition for certification was heard on January 26, 2012, but no decision about a

consolidated proceeding has been issued yet, and this case has not yet been transferred to any

such consolidated proceeding.

       Ames argues that transferring this case to the Central District of Illinois would waste

time and resources on matters that will ultimately be transferred to the consolidated proceeding. Ames notes that venue is proper in both the Southern District and Central District of Illinois because Wright resides in both districts.  Ames argues that it is not inconvenient for her to litigate this case in the Southern District, her forum of choice.  She also believes it is unlikely witnesses will be inconvenienced by this forum, which abuts the Central District.  Central District witnesses are not far away, and out-of-state witnesses are equally far from the Central and Southern Districts.  She also notes that the median time from filing a case to trying it in 2011 is shorter in the Southern District than in the Central District and that courts in both districts are equally adept at handling cases decided under Illinois law.

In its motion to transfer (Doc. 11) and in its response to Ames' response to the order to show cause (Doc. 17), Wright does not challenge the fact that venue is proper in the Southern and Central Districts of Illinois.  However, it notes that Ames' surgery occurred in California and that she received follow-up treatment from doctors in the Central District of Illinois.  Wright also argues the potential MDL proceeding is not a good reason to keep this case in a district that is clearly less convenient for the parties and some key non-party witnesses and that has very little interest in this litigation.  Consequently, it asks the Court to transfer this case to the Central District.

Where venue is proper in the district where a case was filed, 28 U.S.C. § 1404[1] governs transfer decisions.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988); *Van Dusen v.*

---

[1]Section 1404 reads in pertinent part:
(a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
28 U.S.C. § 1404(a).

2

*Barrack*, 376 U.S. 612, 634 (1964); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989).  Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The decision to transfer a case is left to the discretion of the district court.  *Stewart*, 487 U.S. at 29; *Van Dusen*, 376 U.S. at 622; *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties' relative bargaining power, and the interests of justice in general.  *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622).  Transfer should be " clearly more convenient," *Coffey*, 796 F.2d at 219-20, and the Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected forum.  *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice.  *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625.  "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system."  *Coffey*, 796 F.2d at 221.

It is clearly more convenient to try this case in the Central District of Illinois.  Ames resides in Decatur, Illinois, within the Central District and approximately 53 miles from the federal courthouse in Urbana, Illinois, where cases arising from Macon County are assigned.

3

*See* CDIL Local R. 40.1(D). Many of her witnesses as to her recovery and her current condition will be close to Decatur as well. The federal courthouse in Benton, Illinois, where this court sits, is approximately 144 miles from Decatur, more than two and half times farther away than the Urbana courthouse. There is no suggestion that any witness, document or other relevant piece of evidence is more convenient to the Southern District than the Central District. While Court gives some weight to Ames' selection of the Southern District to file her suit, that weight is reduced in light of the fact that Ames does not live in the forum, no relevant events occurred in the forum and the interests of justice, as explained below, weigh heavily in favor of a transfer.

The Court gives no weight to the relative speed with which cases are tried in the Southern District compared to the Central District. As Ames points out, this case is likely to be transferred to MDL 2329, where it will move through pretrial litigation phases at the same speed as other cases in that consolidated proceeding. The efficiency in the Southern District will have no effect on how fast Ames' case proceeds through that process.

Nor does the Court believe that the prospect of a transfer to MDL 2329 counsels against an early transfer. If the Court transfers this case to the Central District now, it is an easy matter to notify the JPML that this action (under its new Central District case number) is a tag-along action that should be consolidated into MDL 2329. It would not require the District Court for the Central District to become familiar with the facts of this case or require any party to conduct significant litigation before the eventual transfer to MDL 2329. Furthermore, upon remand for trial following the consolidated pretrial proceedings, the case will be ready to try in the appropriate forum.

Most importantly, the interests of justice strongly favor trying this case in the Central District where Ames resides. The District Court for the Southern District has no substantial

4

interest in the resolution of this case.  Jurors residing in the Southern District should not be called from their busy lives to hear cases in which their home district has no substantial interest. The limited resources of the District Court for the Southern District would be better spent tending to cases involving events within its borders and parties with substantial connections to the district.  On the other hand, the District Court for the Central District has a strong interest in resolving cases involving plaintiffs who reside in that district.

For the foregoing reasons, the Court **GRANTS** Wright's motion to transfer (Doc. 11) and **TRANSFERS** this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of Illinois.

**IT IS SO ORDERED.**
**DATED:  February 16, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**